990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben ROMERO-AGUILAR, Defendant-Appellant.
 No. 92-50596.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Romero-Aguilar appeals his conviction following entry of a conditional guilty plea to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Romero-Aguilar contends the district court erred by denying his motion to suppress evidence gathered after he was allegedly seized by agents of the United States Border Patrol. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress, but for clear error the district court's underlying findings of fact. United States v. Flippin, 924 F.2d 163, 164 (9th Cir.1991); United States v. $25,000 U.S. Currency, 853 F.2d 1501, 1504 (9th Cir.1988).
 
 
 4
 An individual's failure to comply with a law enforcement officer's show of authority enjoining the individual to halt postpones the moment of seizure for purposes of the Fourth Amendment until that individual is physically apprehended by authorities. United States v. Hodari D., 111 S.Ct. 1547, 1552 (1991); United States v. Santamaria-Hernandez, 968 F.2d 980, 983 (9th Cir.1992). This rule applies equally to both foot and automobile chases. Santamaria-Hernandez, 968 F.2d at 983.
 
 
 5
 Here, the district court assumed arguendo the following facts surrounding the stop and seizure of Romero-Aguilar: (1) Romero-Aguilar was the driver of a red van observed travelling northbound on Interstate 5 by Border Patrol agents near the international border with Mexico; (2) despite a lack of reasonable suspicion, Border Patrol agents activated the emergency lights of their patrol vehicle in an attempt to stop Romero-Aguilar's vehicle; (3) Romero-Aguilar's van came to a complete stop on the side of the highway, whereupon Romero-Aguilar jumped out of the passenger door of the van and ran away from the officers; (4) while fleeing, Romero-Aguilar threw away an object which later investigation revealed to be a package containing heroin; (5) Romero-Aguilar was eventually apprehended by the Border Patrol agents. Romero-Aguilar consented to these factual assumptions for purposes of his motion.
 
 
 6
 Romero-Aguilar contends that he was seized for purposes of the Fourth Amendment when he pulled the van over to the side of the road and came to a complete stop. He argues that evidence of his subsequent flight on foot and abandonment of the package of heroin should therefore be suppressed because the stop of his van was initiated without reasonable suspicion. Although creative, this argument is ultimately unavailing.
 
 
 7
 While it may be commendable that Romero-Aguilar elected to flee the Border Patrol agents on foot rather than engaging in a potentially much more dangerous automobile chase, that he found it necessary to bring his vehicle to a complete stop before jumping out of it did not change the continuing nature of his attempts to evade apprehension. Other than the fact that Romero-Aguilar stopped his van after the Border Patrol agents activated their emergency lights, there is no evidence that he ever submitted to the agents' authority until he was physically apprehended.
 
 
 8
 On the record before us, we hold that Romero-Aguilar was not seized until he was physically apprehended by the Border Patrol agents. See Hodari D., 111 S.Ct. at 1552; Santamaria-Hernandez, 968 F.2d at 983. The district court did not err by denying Romero-Aguilar's motion to suppress. See Flippin, 924 F.2d at 164.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3